UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-06111 |
| | ) | Chapter 7 |
| TORRI L. ADAMS, | ) | |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | |
| | ) | Hearing Date: October 31, 2017 |
| | | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:  GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:  February 28, 2017 through the close of the case

Amount of Fees Sought:  $1,841.05

Amount of Expense
Reimbursement Sought:  $   0.00

This is an:                    Interim Application  _____    Final Application:   X

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:  September 28, 2017            By:   /s/ Gus A. Paloian
                                            Applicant: GUS A. PALOIAN, Chapter 7 Trustee

40027878v.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 17-06111 |
| ) | Chapter 7 |
| TORRI L. ADAMS, ) | |
| ) | Hon. Deborah L. Thorne |
| Debtor. ) | |
| ) | Hearing Date: October 31, 2017 |
| ) | Hearing Time: 10:00 a.m. |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $1,841.05 in final compensation (the "Fees") for services rendered in the above-captioned case from February 28, 2017, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

## I. JURISDICTION

1.      This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

40027878v.1

## II. BACKGROUND

### A. Procedural Background

2. On February 28, 2017, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3. Thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

4. On April 5, 2017, the Trustee filed an Initial Report of Assets, following investigation into certain assets of the Estate.

### B. Overview of Asset Recoveries for the Estate

#### Sale of Personal Property

5. The Trustee recovered funds from the Debtor's joint bank account. The Trustee recovered gross proceeds of $10,910.47 in the Case.

### C. Services Rendered by the Trustee to the Estate

6. During the Application Period, the Trustee performed 5.70 hours of actual and necessary services on behalf of the Estate, worth a total value of $1,871.50. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

7. The services included, but were not limited to, the following:

   A. Analyzing the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtor; conducting an investigation of the Debtor's assets and financial affairs;

   B. Negotiating and coordinating the turnover of funds from Debtor's joint bank account;

   C. Reviewing schedules, bank ledgers and claims in preparation of final report;

  E. Communicating with tax accountant with respect to determining the Estate's tax obligations, if any; and

  F. Maintaining Estate's bank accounts and performing bank reconciliations.

### III.  RELIEF REQUESTED

8. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV.  BASIS FOR REQUESTED RELIEF

#### A.  Applicable Standards for Trustee Compensation

9. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

10. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

11. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

12. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

13. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"  In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

14. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

15. This Application is the Trustee's first and final application for compensation in this Case.

16. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $1,841.05.

17. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

## V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

18. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $5,910.47 disbursed | = | $ 591.05 |
| 5% of the next $0.00 | = | $    0.00 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $1,841.05 |
| **COMPENSATION REQUESTED** | = | **$1,841.05** |

19. As of the date of the Application, the Trustee collected $10,910.47 for the benefit of the Estate and disbursed $0.00. There will not be a surplus of funds turned over to the Debtor in this case.

20. The Trustee requests allowance of final compensation in this case in the amount of $1,841.05. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

21. The Trustee will distribute the remaining estate funds as set forth in the Final Report.

## VI. NO PRIOR REQUEST

22. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

40027878v.1

      A.      Allowing and awarding compensation to Trustee in the amount of $1,841.05 on a final basis;

      B.      Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

      C.      Granting such other and further relief as the Court deems just and proper.

Dated: September 28, 2017            Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian
Gus A. Paloian (06188186)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
gpaloian@seyfarth.com

40027878v.1

# EXHIBIT 1

40027878v.1

**TRUSTEE**

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 04/05/17 | Communication with J. McManus regarding paid exemption on cash from bank account (.20). | G. Paloian | 0.20 | 139.00 |
| 04/05/17 | Open case in TES (.20); open bank account (.10); deposit settlement funds received from Debtor (.20); confer with G. Paloian regarding case strategy (.20); review petition and schedules (.40); docket claims dates (.10). | J. McManus | 1.20 | 378.00 |
| 04/13/17 | Review scheduled assets (.10); enter into TES (.20). | J. McManus | 0.30 | 94.50 |
| 04/26/17 | Review/upload Debtor's schedules into TES. | J. McManus | 0.20 | 63.00 |
| 05/22/17 | Review claims. | J. McManus | 0.20 | 63.00 |
| 05/24/17 | Meeting with G. Paloian regarding case status. | J. McManus | 0.10 | 31.50 |
| 06/07/17 | Review bank statements in preparation of reconciliation reports. | J. McManus | 0.10 | 31.50 |
| 06/22/17 | Reconcile bank accounts. | J. McManus | 0.10 | 31.50 |
| 06/27/17 | Review claims. | J. McManus | 0.20 | 63.00 |
| 07/06/17 | Run draft distribution report in preparation for case closing. | J. McManus | 0.50 | 157.50 |
| 07/12/17 | Prepare Annual Report. | J. McManus | 0.20 | 63.00 |
| 07/13/17 | Prepare case status report. | J. McManus | 0.50 | 157.50 |
| 07/13/17 | Prepare final report. | J. McManus | 0.50 | 157.50 |
| 07/14/17 | Prepare Trustee fee application. | J. McManus | 0.70 | 220.50 |
| 07/21/17 | Revise/finalize final report. | J. McManus | 0.70 | 220.50 |
| | **TOTAL** | | **5.70** | **$1,871.50** |